## Case No. 5,451.

### GILPIN v. PLUMMER.

[2 Cranch, C. C. 54.] [1]

Circuit Court, District of Columbia. July Term, 1812.

LIMITATIONS—ACTION ON BOND—DEVISEE OF OBLIGOR—RESIDENCE OF PARTIES—PAYMENT BY EXECUTOR.

1. The Maryland statute of limitations of twelve years, is a bar to an action against the devisee of the obligor, brought in Alexandria upon a bond executed and assigned in Maryland; all the parties having continued to reside in Maryland until the expiration of the twelve years.

2. A payment of part of the debt, by the executor, within the twelve years, does not take the case out of the statute, as to the heirs and devisees.

Debt, in Alexandria [by Gilpin, as assignee, etc.], against the devisee of the obligor of a bond, made in Maryland, and due in the year 1788; more than twelve years before the commencement of the suit. All the parties resided in Maryland until the expiration of the twelve years. The bond was assigned to the plaintiff, in Maryland, but not in such form as the Maryland law required to enable the assignee to bring a suit upon it in his own name. This objection was taken in argument, but not decided by the court. The defendant pleaded the Maryland statute of limitations, 1715, c. 23, § 6, by which it is enacted "that no bill, bond, judgment, recognizance, statute merchant, or of the staple, or other specialty whatsoever," (except such as shall be taken in the name of the king, &c.) "shall be good and pleadable, or admitted in evidence against any person or persons of this province, after the principal debtor and creditor shall have been both dead twelve years, or the debt or thing in action above twelve years standing;" "saving," &c. To this plea the plaintiff replied a payment made by the executor in 1798; to which replication the defendant demurred.

Mr. Swann, for defendant, made two points. (1) That the Maryland statute was a bar; all the parties having resided there until the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

action was barred. (2) That the plaintiff, as assignee, could not recover upon the bond in his own name, the assignment not having been made in the form prescribed by the Maryland statute, 1763, c. 23, §§ 9, 10. The law of Maryland is the law of this contract. Warder v. Arell, 2 Wash. [Va.] 282; 2 Fonb. Eq. 442. The defendant is only one of the devisees, and cannot recover contribution from the others, if the law of Maryland is not a bar here as well as there. A payment, or acknowledgment, or even a new promise by the executor, cannot keep the bond alive against the heir or devisee. There is no privity between them. Quarles v. Littlepage, 2 Hen. & M. 401; Henderson v. Foote, 3 Call, 248; Fisher v. Duncan, 1 Hen. & M. 563.

Mr. Taylor, contrà. The statute of limitation of Maryland applies only to the remedy, and can be enforced only in the courts of that state. It does not destroy the debt. In Olive v. Mandeville, [Case No. 10,488,] this court refused the defendant leave to amend by pleading the English statute of limitations. There is no case in which the statute of limitations of another state has been pleaded. Although the assignment is not under seal, as required by the statute of Maryland, yet it is sufficient under the law of Virginia, which is in force here.

THE COURT (nem. con.) was of opinion that the bar was good; and overruled the demurrer.